UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
JAMES KILKENNY, ET AL., AS TRUSTEES :
OF THE CONSTRUCTION COUNCIL LOCAL : Civil Action No.:
UNION 175 PENSION FUND, JAMES :
KILKENNY, ET AL., AS TRUSTEES OF THE :
CONSTRUCTION COUNCIL LOCAL 175 :
WELFARE FUND, JAMES KILKENNY, ET :
AL., AS TRUSTEES OF THE :
CONSTRUCTION COUNCIL LOCAL 175 :
ANNUITY FUND, and JAMES KILKENNY, ET :
AL., AS TRUSTEES OF THE :
CONSTRUCTION COUNCIL LOCAL 175 :
TRAINING FUND, :
  :
Plaintiffs, :
  :
            -against- :
  :
  :
MANCO ENTERPRISES, INC., MANETTA :
ENTERPRISES, INC., AND RIMANI GROUP, :
INC., :
  :
Defendants. :
---------------------------------------------------------------- x

## COMPLAINT

Plaintiffs, the Trustees and Fiduciaries ("Plaintiffs" or the "Trustees") of the Construction Council Local Union 175 Pension Fund (the "Pension Fund"), the Construction Council Local Union 175 Welfare Fund (the "Welfare Fund"), the Construction Council Local Union 175 Annuity Fund (the "Annuity Fund"), and the Construction Council Local Union 175 Apprenticeship, Skill Improvement and Training Fund (the "Training Fund") (hereinafter the Pension Fund, the Welfare Fund, the Annuity Fund, and the Training Fund are referred to collectively as the "Funds"), by their attorneys, Rothman Rocco LaRuffa, LLP, complaining of Defendants Manco Enterprises, Inc., ("Manco") Manetta Enterprises, Inc., ("Manco") and

Rimani Group ("Rimani") (hereinafter when referred to collectively, Manco, Manetta and Rimani shall be referred to as "Defendants"), allege as follows:

## NATURE OF ACTION

1. The Trustees bring this action, pursuant to the pertinent provisions of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, including but not limited to ERISA Sections 502(a)(3) and 515, 29 U.S.C. §§ 1132(a)(3), 1145, to collect unpaid benefit fund contributions, plus interest, the greater of additional interest or liquidated damages in the form of twenty percent (20%) of the contributions due, audit fees, attorneys' fees, and other collection costs from Defendants. Further, Plaintiffs seek to hold Defendants liable as single employers, as alter egos of one another, and to hold Manetta and Rimani liable successors to Manco.  In addition, Plaintiffs seek to compel Defendants to submit to an audit by the Funds.

2. In bringing this action, the Trustees are enforcing the Funds' Agreements and Declaration of Trust (the "Trust Agreements") that govern the Funds, as well as the collective bargaining agreements between Manco and Construction Council Local Union 175, United Plant and Production Workers, Utility Workers of America, AFL-CIO (the "Union").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to Sections 502(e)(1) and 502(f) of ERISA, 29 U.S.C. §§ 1132(e)(1), (f) and 28 U.S.C. §§ 1331 and 1337.

4. Venue properly lies in this District under the provisions of 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Funds are administered within this District, and Defendants reside or may be found within this District.

## THE PARTIES

5.      Plaintiffs are the Trustees of the Funds, and collectively are the "plan sponsor" within the meaning of Section 3(16)(B)(iii), 29 U.S.C. § 1002(16)(B)(iii).  The Trustees are fiduciaries of the Funds, as defined by Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).

6.      The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and are multi-employer plans within the meaning of ERISA Section 3(37), 20 U.S.C. § 1002(37).  They were established pursuant to the terms of various collective bargaining agreements between the Union, which is a labor organization representing employees in an industry affecting commerce, and various employers.  The Funds provide pension, health and welfare, annuity, and job training benefits to covered employees, retirees, and their dependents.  The Funds are operate pursuant to the terms of the Trust Agreements.

7.      The Funds maintain offices and are administered at 99 Mineola Avenue, Roslyn Heights, New York 11577 in the County of Nassau.

8.      Upon information and belief, Defendant Manco is a New York corporation that maintains a principal place of business at 4417 54th Drive, Maspeth, NY 11378.

9.      Upon information and belief, Defendant Manetta is a New York corporation that maintains a principal place of business at 4417 54th Drive, Maspeth, NY 11378.

10.     Upon information and belief, Defendant Rimani Group is a New York corporation that maintains a principal place of business at 127 Miller Place, Mount Vernon, New York 10550, but also does business at 4417 54th Drive, Maspeth, NY 11378.

## THE COLLECTIVE BARGAINING AGREEMENTS

11. Manco was a party to a series of collective bargaining agreements with the Union for the period of 2007 through present.

12. Under the terms of the collective bargaining agreements, Manco was bound by all the terms and conditions of the Trust Agreements, and the Trust Agreements were made a part of each collective bargaining agreement and incorporated within each collective bargaining agreement.

13. Manco's collective bargaining agreements provide, in pertinent part, that "[t]he Employer stipulates that any firm engaging in Site and Grounds Improvements, Utility, Paving and Road Building Work in which it has or acquires a financial interest, shall be bound by all of the terms and conditions of this Agreement."

### RELATIONSHIP BETWEEN NAMED SIGNATORY MANCO ON THE ONE HAND AND MANETTA AND RIMANI ON THE OTHER HAND

14. Upon information and belief, at all times relevant to this action, Manco, Manetta and Rimani shared common ownership.

15. Upon information and belief, at all times relevant to this action, Manco, Manetta and Rimani shared common management.

16. Upon information and belief, at all times relevant to this action, Manco, Manetta and Rimani shared common operations.

17. Upon information and belief, at all times relevant to this action, Manco, Manetta and Rimani shared common supervision.

18. Upon information and belief, at all times relevant to this action, Manco, Manetta and Rimani shared common customers.

19. Upon information and belief, at all times relevant to this action, Manco, Manetta

and Rimani shared common equipment.

20. Upon information and belief, at all times relevant to this action, Manco, Manetta and Rimani shared common vehicles.

21. Upon information and belief, at all times relevant to this action, Manco, Manetta and Rimani shared a common business purpose.

22. Upon information and belief, at all times relevant to this action, the employees of Manco, Manetta and Rimani shared similar job classifications.

23. Upon information and belief, at all times relevant to this action, the employees of Manco, Manetta and Rimani shared similar skills and job functions.

24. Upon information and belief, at all times relevant to this action, the employees of Manco, Manetta and Rimani performed similar services for customers.

25. Upon information and belief, at all times relevant to this action, the employees of Manco, Manetta and Rimani interchanged among the three companies.

26. Upon information and belief, at all times relevant to this action, the employees of Manco, Manetta and Rimani worked out of the same locations.

27. Upon information and belief, at all times relevant to this action, Manetta and Rimani were used to avoid Manco's obligations under the collective bargaining agreement(s) with the Union.

## DUTY TO MAKE CONTRIBUTIONS AND SUBMIT TO AUDIT

28. The collective bargaining agreements and the Trust Agreements require Manco to make contributions to the Funds in specified amounts for hours worked and/or paid in employment covered by the collective bargaining agreements ("covered employment").

29. The collective bargaining agreements and the Trust Agreements require Manetta and Rimani to make contributions to the Funds in specified amounts for covered employment.

30. The collective bargaining agreements and the Trust Agreements require Manco to submit detailed written reports of hours worked and/or paid in covered employment each month ("remittance reports").

31. The collective bargaining agreements and the Trust Agreements require Manetta and Rimani to submit remittance reports each month.

32. Manco previously submitted monthly remittance reports to the Funds.

33. The remittance reports submitted by Manco did not include hours worked by employees in covered employment that appeared on the payrolls of Manetta and Rimani.

34. The remittance reports submitted by Manco did not include all hours worked by employees in covered employment.

35. Manetta and Rimani continue to operate and not submit remittance reports to the Funds.

36. The Trust Agreements and Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), authorize the Trustees to bring actions to enforce an employer's obligations to the Funds under its collective bargaining agreements with the Union. The Trust Agreements and the collective bargaining agreements, with the sanction of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), require payment of unpaid contributions.

37. The collective bargaining agreements and the Trust Agreements, with the sanction of Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), require payment of interest on unpaid contributions at the rate of ten percent (10%) per annum.

38. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides for payment of the greater of an amount equal to the interest on unpaid contributions or liquidated damages in an amount equal to twenty percent (20%) of unpaid contributions.

39. The collective bargaining agreements, the Trust Agreements, and Section 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(g)(2), provide that in an action to collect unpaid and delinquent contributions the Court shall award audit fees, reasonable attorneys' fees, costs and such other and further equitable relief as the Court deems appropriate.

40. The Trust Agreements and ERISA require Manco, Manetta and Rimani to submit to an audit.

41. The Funds previously demanded that Manco, Manetta and Rimani submit to an audit, however, they did not comply with that request.

42. If Defendants refuse to provide the Trustees' auditors with the pertinent books and records, it will be in violation of Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for an examination period of not less than six years."

43. In any action by the Trustees seeking the production of books and records by employers for audit purposes, the Funds are entitled to reasonable attorneys' fees and costs.

<u>FIRST CAUSE OF ACTION</u>

44. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 43, as if the same were fully set forth herein.

45. Upon information and belief, Manco underreported and underpaid contributions owed to the Funds.

46. Such underreporting and underpayment is a breach of the collective bargaining agreement(s) and the Trust Agreements, and places Manco in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

47. Manco's actions have injured the Funds by delaying the investment of contributions, and causing unnecessary administrative costs to the Funds.

48. Accordingly, because of the above-described actions, Manco is liable for the unpaid contributions; interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

49. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 48, as if the same were fully set forth herein.

50. Upon information and belief, Manetta and Rimani did not report and did not pay contributions owed to the Funds.

51. Such failure to report and pay is a breach of the collective bargaining agreement(s) and the Trust Agreements, and places Manetta and Rimani in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

52. Manetta and Rimani's actions have injured the Funds by delaying the investment of contributions, and causing unnecessary administrative costs to the Funds.

53. Accordingly, because of the above-described actions, Manetta and Rimani are liable for the unpaid contributions; interest at the rate of ten percent (10%) per annum from the date contributions became due; the greater of a second charge of interest as computed above or liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and costs and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION

54. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 53, as if the same were fully set forth herein.

55. Upon information and belief, at all times relevant to this action, Manetta and Rimani were alter egos of Manco.

56. Manetta and Rimani are jointly and severally liable with Manco for all sums owed to the Trustees by Manco, including all unpaid contributions, interest, additional interest or liquidated damages, costs and attorneys' fees.

57. In addition, Manco, Manetta and Rimani are jointly and severally liable for benefit contributions and the attendant damages owed to Plaintiffs for each hour paid to and/or worked by employees of Manetta and Rimani for work performed in employment covered by the collective bargaining agreement(s) between the Union and Manco.

### FOURTH CAUSE OF ACTION

58. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 57, as if the same were fully set forth herein.

59. Upon information and belief, at all times relevant to this action, Manetta and

9

Rimani were singe employers with Manco.

60. Manetta and Rimani are jointly and severally liable with Manco for all sums owed to the Trustees by Manco, including all unpaid contributions, interest, additional interest or liquidated damages, costs and attorneys' fees.

61. In addition, Manco, Manetta and Rimani are jointly and severally liable for benefit contributions and the attendant damages owed to Plaintiffs for each hour paid to and/or worked by employees of Manetta and Rimani for work performed in employment covered by the collective bargaining agreement(s) between the Union and Manco.

### FIFTH CAUSE OF ACTION

62. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 61, as if the same were fully set forth herein.

63. Upon information and belief, Manco, Manetta and Rimani shared common ownership at all material times.

64. Upon information and belief, around the time Manetta and Rimani commenced operations, they did so with assets of Manco.

65. Upon information and belief, at and after the time Manetta and Rimani commenced operations, much of their assets had been assets used by Manco prior to the commencement of operations by Manetta and Rimani.

66. Upon information and belief on or after the time Manetta and Rimani commenced operations, portions of the businesses they operated had been operated by Manco prior to the commencement of operations by Manetta and Rimani.

67. Upon information and belief, at and after the time Manetta and Rimani

commenced operations, they used equipment which had been used by Manco prior to the commencement of operations by Manetta and Rimani.

68. Upon information and belief, at and after the time Manetta and Rimani commenced operations, many of their employees who can be classified as covered employees under the collective bargaining agreement(s) had worked as covered employees for Manco prior to the commencement of operations by Manetta and Rimani.

69. Upon information and belief, at and after the time Manetta and Rimani commenced operations, their employees were supervised by people who had supervised them when they worked for Manco.

70. Upon information and belief, at and after the time Manetta and Rimani commenced operations, they engaged in the same type of work that Manco had engaged in prior to the commencement of operations by Manetta and Rimani.

71. Upon information and belief, at and after the time Manetta and Rimani commenced operations, they performed work for customers who had been customers of Manco prior to the commencement of operations by Manetta and Rimani.

72. Upon information and belief, at and after the time Manetta and Rimani commenced operations, they provided services for the purpose of fulfilling various contractual obligations of Manco.

73. Upon information and belief, Manetta and Rimani had notice of the delinquent contributions owed by Manco because some of the same individuals owned and operated both companies at all material times.

74. Upon information and belief, Manetta and Rimani are successors of Manco. As

such, Manetta and Rimani are liable for the delinquent benefit fund contributions, interest, additional interest, and reasonable attorneys' fees and costs owed by Manco to the Funds.

## SIXTH CAUSE OF ACTION

75.     Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 74 as if the same were fully set forth herein.

76.     Manco and the Union agreed to the following provision in the collective bargaining agreements between them:

### *ARTICLE X*

### *Intent of Agreement*

*Section 1 – Spirit of Agreement*

*This Agreement and all of its terms and provisions are predicated on an effort and a spirit of bringing about more equitable conditions in the Construction Industry, and the language herein shall not be misconstrued to evade the principles or intent of this Agreement.*

*Section 2 – Binding Subcontractors and Other Firms*

*...*

*(d)     The Employer stipulates that any firm engaging in Site and Grounds Improvements, Utility, Paving and Road Building Work in which it has or acquires a financial interest, shall be bound by all of the terms and conditions of this Agreement.*


77.     Manco has and has had for all time periods material to this Complaint had a financial interest in Manetta and Rimani.

78.     Manetta and Rimani engage and have engaged for all time periods material to this Complaint in Site and Grounds Improvements, Utility, Paving and Road Building Work.

79.     Thus, Manetta and Rimani are bound by the terms of the collective bargaining agreements Manco signed with the Union.

80. Accordingly, Manetta and Rimani and Manco are jointly and severally liable to pay benefit contributions and the attendant damages owed for each hour paid to and/or worked by employees of Manetta and Rimani for work performed in employment covered by the collective bargaining agreement(s) between the Union and Manco.

## SEVENTH CAUSE OF ACTION

81. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 80, as if the same were fully set forth herein.

82. The Trust Agreements and ERISA require Manco and Manetta and Rimani to produce their books and records for audit by the Trustees.

83. Manco and Manetta and Rimani have failed and refused to produce their books and records for audit by the Funds.

84. Because of Defendants' refusal to produce their books and records, the Funds are entitled to an Order from the Court compelling Manco and Manetta and Rimani to submit their books and records for all time periods material to this Complaint to the Funds plus an award of attorneys' fees, audit fees, and all costs and disbursements.

## EIGHTH CAUSE OF ACTION

85. Plaintiffs repeat and reallege the allegations set forth in Paragraphs 1 through 84 as if the same were fully set forth herein.

86. To the extent that any Defendant claims that it has not maintained pertinent books and records for any portion of the periods sought to be audited, it has violated the terms of the collective bargaining agreements and the Trust Agreements.

87. To the extent that any Defendant claims that it has not maintained pertinent books

and records for any portion of the periods sought to be audited, it has also violated Section 209(a) of ERISA, 29 U.S.C. § 1059(a), which requires an employer to "maintain records with respect to each of his employees sufficient to determine the benefits due or which may become due to such employees." In addition, under Section 107 of ERISA, 29 U.S.C. § 1027, "records [must be] available for examination for a period of not less than six years."

88. To the extent that any Defendant claims that it has not maintained pertinent books and records for any portion of the periods sought to be audited, it has also violated Section 515 of ERISA, 29 U.S.C. § 1145, which requires "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement . . . [to] make such contributions in accordance with the terms and conditions of such plan or such agreement."

89. The Trust Agreements empower the Trustees to take whatever action may be proper and necessary in their discretion to enforce an employer's obligations to the Funds and to protect the financial integrity of the Funds.

90. Thus, to the extent that evidence exists enabling the Trustees to approximate contributions owed by a defendant that has failed to maintain pertinent books and records, the Trustees may utilize such evidence to estimate contributions owed rather than imposing the formula set out in the Trust Agreement.

91. To the extent that evidence exists enabling Plaintiffs to approximate contributions owed by a defendant that has failed to submit pertinent books and records, that defendant must accept Plaintiff's reasonable estimate of contributions owed.

92. Therefore, Plaintiffs are entitled, under Section 502(g)(2) of ERISA, 29 U.S.C. §

1132(g)(2), to the following in this action: (i) the estimated amount of unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages, (iv) reasonable attorneys' fees and costs of the action and (v) such other legal or equitable relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, as follows:

1. <u>On the First Cause of Action</u>

An Order directing Manco to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from October 6, 2014 through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

2. <u>On the Second Cause of Action</u>

An Order directing Manetta and Rimani to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from October 6, 2014 through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit

fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

        3.     <u>On the Third Cause of Action</u>

An Order directing Manco and Manetta and Rimani to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from October 6, 2014 through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

        4.     <u>On the Fourth Cause of Action</u>

An Order directing Manco and Manetta and Rimani to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from October 6, 2014 through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

        5.     <u>On the Fifth Cause of Action</u>

An Order directing Manetta and Rimani to pay Plaintiffs: (a) the amount in

unpaid contributions that Manco owes for the period from October 6, 2014 through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

6. On the Sixth Cause of Action

An Order directing Manco and Manetta and Rimani to pay Plaintiffs: (a) the amount in unpaid contributions found to be due and owing for the period from October 6, 2014 through the present; (b) interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered; (c) the greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions; (d) an award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees incurred in this action; and (e) such other and further equitable relief as the Court deems just and proper.

7. On the Seventh Cause of Action

An Order directing Defendants to present their pertinent books and records for the period from October 6, 2014 through the present within thirty (30) days of Judgment to the Trustees' auditors for examination; plus, pay all costs and disbursements of this suit, including, but not limited to, audit fees and reasonable attorneys' fees; and such other and further equitable relief as this Court deems appropriate

        8.      <u>On the Eighth Cause of Action</u>

In the event that any Defendant claims it has not maintained pertinent books and records for any portion of the period sought to be audited, an Order directing entry of judgment against it in the following amounts:

        (a)  To the extent that any Defendant claims it has not maintained pertinent books and records for any portion of the period sought to be audited, an Order directing entry of judgment against Defendants for unpaid contributions as calculated by Plaintiffs' use of available evidence;

        (b)     Interest on the unpaid contributions at the rate of ten percent (10%) per annum from the date each payment was due until the date judgment is entered;

        (c)     The greater of additional interest or liquidated damages equal to twenty percent (20%) of the unpaid contributions;

        (d)     An award of all costs and disbursements, including, but not limited to, audit fees and reasonable attorneys' fees, incurred in this action; and

        (e)     Such other and further equitable relief as this Court deems appropriate.

Dated: October 5, 2020
       Elmsford, New York

                                  /s/ Matthew P. Rocco

                   By: _____
                        Matthew P. Rocco (MR 2496)

                   ROTHMAN ROCCO LaRUFFA, LLP
                   3 West Main Street – Suite 200
                   Elmsford, New York 10523

                T: (914) 478-2801
                F: (914) 478-2913
                Email: mrocco@rothmanrocco.com
                Email: wwolf@rothmanrocco.com

*Attorneys for Plaintiffs*